UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DANIELLE E. BRYSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:23-CV-422-KAC-JEM ) |
| KNOX COUNTY, TN., et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Danielle E. Bryson ("Plaintiff"), a former prisoner, filed (1) a pro se civil rights action under 42 U.S.C. § 1983 concerning events that transpired while she was housed in the Roger D. Wilson Detention Facility [Doc. 2] and (2) a motion to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, the Court (1) **GRANTS** Plaintiff's motion to proceed *in forma pauperis*, (2) permits her excessive force claim against Defendant Robert Cooter in his individual capacity to **PROCEED**, and (3) **DISMISSES** all remaining claims and Defendants.

I. **MOTION TO PROCEED *IN FORMA PAUPERIS***

Under 28 U.S.C. § 1915, the Court may generally "authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Although the relevant statute specifically references the "assets such prisoner possesses," the Sixth Circuit has construed the statute to extend to non-prisoners who apply to proceed *in forma pauperis*. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275-76 (6th Cir. 1997), *superseded by rule on other grounds as stated in Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999). When assessing whether to permit an individual to proceed without

paying the filing fee, the Court assesses "whether the court costs can be paid without undue hardship." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Here, it appears from Plaintiff's Motion that she lacks sufficient financial resources to pay the filing fee without undue hardship [*See* Doc. 1]. Therefore, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* [Doc. 1].

## II. SCREENING OF COMPLAINT

### A. Screening Standard

Because Plaintiff is proceeding *in forma pauperis*, this Court must screen the Complaint and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010) ("Because Hill's lawsuit seeks redress from governmental officers, and because Hill proceeded *in forma pauperis*, the district court screened Hill's complaint as required by 28 U.S.C. §§ 1915A and 1915(e)(2)(B)).").

The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill*, 630 F.3d at 470-71. Thus, to survive an initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim that are not supported by specific facts are insufficient to state a plausible claim for relief.

2

*Iqbal*, 556 U.S. at 681.  However, the Supreme Court has instructed that courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

    **B.**    **Plaintiff's Allegations**

At approximately 7:00 p.m. on December 9, 2022, at the Roger D. Wilson Detention Facility, Officer Robert Cooter slammed Plaintiff's head into the wall and threw her to the ground [Doc. 2 at 2, 4].  Officers accused Plaintiff of resisting, but "proof of video shows" officers used force against her "for no reason" [*Id*. at 2].  Plaintiff's left knee was broken during the incident [*Id*.].  "Each [Defendant] officer and nurse was involved or witnessed the incident or allowed it to happen" [*Id*.].  No one intervened to help Plaintiff, and she was placed in a holding cell for twenty-three (23) days "with no assistance" [*Id*.].  Plaintiff seeks monetary damages for mental and physical injuries, court costs, and reimbursement for her medical bills against Defendants Knox County, Tennessee; Robert Cooter; Lt. B. Keck; Nurse Seaton; Officer Burgess; Lateesha Fritts; Sheriff Tom Spangler; and Chief Bernie Lyons [*Id*. at 2, 3].

    **C.**    **Analysis**

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a "person" acting "under color of" state law deprived her of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983.  It is unclear whether Plaintiff was a pretrial detainee or an inmate at the time of the incident in the Complaint.  And this status makes a difference in the applicable law.  If Plaintiff was a pretrial detainee, the Fourteenth Amendment would apply to her Section 1983 claims.  *See Lawler as next friend of Lawler v. Hardeman Cnty., Tenn.*, 93 F.4th 919, 926 (6th Cir. 2024).  If, instead, she was an inmate, the Eighth Amendment would apply. *See id.*  For purposes of screening Plaintiff's Complaint, the Court presumes that she is entitled to the arguably greater protections of the Fourteenth

3

Amendment,[1] unless otherwise noted.  Additionally, Plaintiff has not specified whether she is suing Defendants in their individual capacities, their official capacities, or both.  Again, out of an abundance of caution, the Court presumes Plaintiff intends to bring suit against each Defendant in his or her official and individual capacities.

### 1. Official-Capacity Liability

For Plaintiff to state a claim against Defendant Knox County, or against any of the individual Defendants in their official capacities, she must plausibly allege that a custom or policy of Knox County caused a violation of her constitutional rights.[2]  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for a constitutional violation when the violation resulted from "implementation of [the municipality's] official policies or established customs").  But Plaintiff's Complaint does not plausibly allege that a custom or policy of Defendant Knox County caused any violation of her constitutional rights.  Accordingly, the Court **DISMISSES** Defendant Knox County and all official-capacity claims against the individual Defendants.

### 2. Individual-Capacity Liability

To state a claim against an individual Defendant, Plaintiff must adequately plead that the Defendant, by his or her own actions, has violated the Constitution.  *See Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint

---

[1] *See Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006) (describing the protections of the Due Process Clause to be "similar if not greater" than those under the Eighth Amendment) (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849-50 (1998)); *see also Griffith v. Franklin Cnty., Ky.,* 975 F.3d 554, 566 (6th Cir. 2020).

[2] Plaintiff's claims against the individual Defendants in their official capacities are actually against the individual Defendants' employer, Knox County, Tennessee.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.").

4

must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). This requirement exists because constitutional liability cannot attach to a Defendant solely based on his or her position of authority. *See Iqbal*, 556 U.S. at 676 ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."); *Monell*, 436 U.S. at 691 (finding that liability under Section 1983 may not be imposed merely because a defendant "employs a tortfeasor").

"[A] supervisory official's failure to supervise, control or train" is "not actionable [under Section 1983] **unless** the supervisor either encouraged the specific incident of misconduct or in some way directly participated in it." *See Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (citation omitted). "[A]t a minimum," a plaintiff must show that a supervisor "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* (citation omitted); *see also Troutman v. Louisville Metro Dep't of Corrs.*, 979 F.3d 472, 487-88 (6th Cir. 2020).

To establish an excessive force claim against an officer who fails to intervene in another officer's unconstitutional use of force, a plaintiff "must prove that 'the officer observed or had reason to know that the excessive force would be or was being used and that the officer had both the opportunity and the means to prevent the harm from occurring.'" *Wright v. City of Euclid, Ohio*, 962 F.3d 852, 872 (6th Cir. 2020) (quoting *Smith v. City of Troy, Ohio*, 874 F.3d 938, 945-46 (6th Cir. 2017)).

In the body of her Complaint, Plaintiff does not attach any wrongdoing to any particular individual [*See generally* Doc. 2]. However, she attached an "Incident Report Form" and "Use of Force Report" to the Complaint indicating that Officer Robert Cooter was the officer involved in the use of force incident, and that Nurse Seaton "attempted to evaluate" Plaintiff following the use

5

of force [*Id*. at 4-6]. These forms also identify Defendant Keck as Officer Cooter's supervisor and Lateesha Fritts as the facility commander [*Id*. at 5-6].

### a. Defendants Keck, Burgess, Fritts, Spangler, and Lyons

Plaintiff has not identified any personal involvement in the alleged offense by Defendants Keck, Burgess, Fritts, Spangler, or Lyons that would give rise to individual Section 1983 liability. And she has not set forth any facts to support a plausible inference that any of the supervisory Defendants "authorized, approved, or knowingly acquiesced in" the alleged unconstitutional act. *See Peatross*, 818 F.3d at 242. Additionally, to the extent Plaintiff alleges that one or more of these Defendants was "involved" with, "witnessed," or "allowed [the allegedly excessive use of force] to happen[,]" she has not set forth any specific facts plausibly alleging that any Defendant "had both the opportunity and the means to prevent the harm from occurring." *See Wright*, 962 F.3d at 872 (cleaned up). Therefore, Plaintiff has failed to state a claim against Defendants Keck, Burgess, Fritts, Spangler, or Lyons, and the Court **DISMISSES** these Defendants.

### b. Defendant Nurse Seaton

Plaintiff does not mention Defendant Nurse Seaton by name in the substantive allegations of her Complaint, but she does allege that "no one helped [her] after the incident" and that she "was put in the holding cell for 23 days with no assistance" [*See* Doc. 2 at 2]. The appended Incident Report notes that Defendant Nurse Seaton "attempted to evaluate" Plaintiff following the use of force [*Id*. at 4]. Liberally construing Plaintiff's allegations, the Court presumes that Plaintiff intends to assert a claim against Nurse Seaton for the denial of medical care. To state a claim for inadequate medical care, Plaintiff, a presumed pretrial detainee for her benefit, must show that (1) she "had a sufficiently serious medical need" and (2) the relevant defendant "acted deliberately (not accidentally), [and] also recklessly 'in the face of an unjustifiably high risk of harm that is

6

either known or so obvious that it should be known.'" *Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 317 (6th Cir. 2023) (citation omitted).

Here, although Plaintiff claims her knee was broken during the use of force incident, she does not allege that Nurse Seaton was aware of that fact, or that she requested medical care from Nurse Seaton and was denied. Therefore, Plaintiff has not alleged any facts that would allow the Court to plausibly infer that Nurse Seaton "acted deliberately (not accidentally), [and] also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *See Helphenstine*, 60 F.4th at 317 (citation omitted). Accordingly, Plaintiff has failed to state a plausible Section 1983 inadequate medical care claim against Defendant Seaton, and the Court **DISMISSES** this Defendant.

### c. Defendant Robert Cooter

The reports attached to Plaintiff's Complaint associate Defendant Cooter with the challenged use of force [Doc. 2 at 4-6]. Because the law applying to this claim is different depending on whether Plaintiff was a pretrial detainee or inmate at the time of the incident in the Complaint, the Court specifically screens Plaintiff's excessive force claim against Defendant Robert Cooter under both the Fourteenth and Eighth Amendments. To establish a Fourteenth Amendment excessive force claim, a pretrial detainee must show that "the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). An Eighth Amendment excessive force claim has both a subjective and objective component. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). To satisfy the objective component "an excessive-force claimant must show something more than *de minimis* force." *Leary v. Livingston Cnty.*, 528 F.3d 438, 443 (6th Cir. 2008). To satisfy the subjective component, a plaintiff must show that the officers used force "maliciously and sadistically for the very purpose of causing harm" rather than in a "good faith effort to maintain or restore discipline." *Hudson*, 503 U.S. at 6.

7

Here, Plaintiff claims that Defendant Cooter falsely accused her of resisting and used unnecessary force against her, "slam[ing]" her head "into the wall" and throwing her on her knees "to the ground for no reason" [Doc. 2 at 2]. Accepting these allegations as true, as the Court must at this stage, Plaintiff has plausibly alleged that Defendant Cooter's use of force was unconstitutional under both the Fourteenth and Eighth Amendments. Thus, the Court permits Plaintiff's excessive force claim to **PROCEED** against Defendant Cooter individually.

### III. CONCLUSION

For the reasons set forth above:

1. The Court **GRANTED** Plaintiff's motion to proceed *in forma pauperis* [Doc. 1];

2. The Court permits Plaintiff's excessive force claim against Defendant Robert Cooter in his individual capacity to **PROCEED**; and

3. The Court **DISMISSED** Plaintiff's remaining claims.

In addition, the Court:

1. **DIRECTS** the Clerk to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Robert Cooter;

2. **ORDERS** Plaintiff to complete the service packet and return it to the Clerk's Office **within twenty-one (21) days of entry of this Order.** At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service pursuant to Federal Rule of Civil Procedure 4;

3. **NOTIFIES** Plaintiff that if she fails to timely return the completed service packet, this action will be dismissed;

4. **ORDERS** Defendant to answer or otherwise respond to the Complaint within twenty-one (21) days from the date of service. If Defendant fails to timely respond to the Complaint, it may result in entry of judgment by default;

5. **ORDERS** Plaintiff to immediately inform the Court and Defendant, or his counsel of record, of any address change in writing. Under Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

SO ORDERED.

ENTER:                            s/ Katherine A. Crytzer
                                     KATHERINE A. CRYTZER
                                     United States District Judge